### No. 561

### BRION v. STATE

Ohio Appeals, 2nd Dist, Montgomery Co.

681. JURISDICTION—1. When accused has action pending in habeas corpus in Federal Court, and is under indictment in State court, the latter still has jurisdiction, if position of accused is not sustained in former court.

2. Quaere:—Was question of jurisdiction proper, if not raised in state court until after jury was sworn?

BY THE COURT.

Milton Brion, alias Williams, was indicted on a charge of robbery. He pleaded not guilty and on trial in the Montgomery Common Pleas was found guilty as charged. Upon the trial the State offeredff evidence showing the com-

mission of the crime and identifying Brion as one of the persons who committed it. Brion did not testify as a witness nor did he offer any evidence in his own behalf, the case was submitted wholly upon the testimony offered by the State.

Error was prosecuted and Brion contended that the trial court refused to give him three days to file a motion for a new trial; that a member of the Grand Jury which had indicted him was in the petit jury during the trial, and that the State court did not have jurisdiction over him to put him on trial under indictment, while a habeas corpus action was pending in the Federal Court. The Court of Appeals held:—

1. The refusal of the trial court to allow three days in which to file a motion is cleared up in the record itself. The motion was filed two days after the verdict, affidavits were filed on one ground therein stated, and the court passed on the motion the same day it was filed.

2. Fact that a venireman was a member of the Grand Jury does not disqualify him for petit jury service. It is merely a ground for challenge, and Brion ha dample opportunity to preserve his rights in respect to this juror, even after jury was sworn.

3. The state had authority to put Brion on trial under State indictment. The most that can be claimed in respect to the habeas corpus case is, that if Brion's position in the habeas corpus case was sustained the State might have been compelled to surrender jurisdiction to the Federal Court. In the absence of any such order in the habeas corpus case, the State court might proceed with the trial and conviction of Brion. Judgment of lower court affirmed.

Attorneys — Egan & Delscamp, Carroll Spriggs for Brion; Albert H. Scharrer, Pros. Atty., and Chas. J. Brennan, asst. Pros. Atty., for State, all of Dayton.